**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID WAYNE YAGER,
            Appellant,

        v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
CH-4324-14-0514-I-1

DATE: October 15, 2014

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>David Wayne Yager</u>, Morganfield, Kentucky, pro se.

<u>James E. Campion, Jr.</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed, for lack of jurisdiction, his appeal challenging his nonselection for two positions. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the initial decision IN PART, VACATE it IN PART,

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

and REMAND the case to the regional office for further adjudication in accordance with this Order.

¶2    The appellant is employed as a Supervisor of Distribution Operations at the agency's Evansville, Indiana facility. Initial Appeal File (IAF), Tab 1 at 1. The appellant filed a Board appeal challenging his nonselection for two positions, which allegedly were lateral transfers, promotions, or details within the agency. *Id.* The appellant, a 50-year-old veteran, argued that his nonselection constituted discrimination on the basis of his age and sex because the positions were filled by younger females. *Id.* at 5. The administrative judge issued a series of jurisdictional orders notifying the appellant of his burden to establish jurisdiction and of the relevant proof requirements under 5 U.S.C. chapter 75, the Veterans Employment Opportunities Act of 1998 (VEOA), and the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). *See* IAF, Tabs 2, 7-8. In response, the appellant filed additional argument, further alleging that the agency discriminated against him on the basis of age, sex, and veterans' preference by selecting less qualified nonveteran females. IAF, Tabs 4, 6, 10, 14. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 5 at 4-7, Tab 13 at 4.

¶3    After the close of the record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 15, Initial Decision (ID). The administrative judge found that 5 U.S.C. chapter 75 does not provide employees a right to appeal nonselections for promotions, lateral transfers, or details and that, in the absence of an otherwise appealable action, the Board lacked jurisdiction over the appellant's age and sex discrimination claims. ID at 3. Regarding the appellant's service-related claims, the administrative judge found that, because the appellant did not present any argument or evidence that he had exhausted his administrative remedies with the Department of Labor (DOL), he failed to establish jurisdiction under VEOA. ID at 4. The administrative judge further found that, because the

appellant failed to establish that "his military service was a substantial or motivating factor in the agency's failure to laterally transfer, detail, or promote him to either of the two positions in question," the appellant failed to establish jurisdiction under USERRA.  ID at 5-6.

¶4    The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    On review, the appellant reasserts his claims of discrimination on the basis of age, sex, and veterans' preference as the reasons for his nonselection.  PFR File, Tab 1 at 3.  The appellant further contends that he is more qualified than the two nonveteran females who were selected.  *Id.*  Furthermore, the appellant, who is pro se, argues that he has sufficiently responded to the administrative judge's jurisdictional orders and established Board jurisdiction over his appeal; any deficiency in his pleadings, he argues, is attributable to his not "know[ing] how to address a judge."  *Id.*

¶6    Based on our review of the record and applicable law, we agree with the administrative judge's findings that the appellant failed to nonfrivolously allege jurisdiction under VEOA and over his age and sex discrimination claims.  However, we disagree with the administrative judge regarding the appellant's USERRA claims.

The appellant established jurisdiction over his USERRA appeal.

¶7    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving, by preponderant evidence, that the Board has jurisdiction over his appeal.  5 C.F.R. § 1201.56(a)(2)(i).  It is well settled that the Board generally lacks jurisdiction to review an agency's decision not to select a particular applicant for a vacant position.  *Sapla v. Department of the Navy*,

118 M.S.P.R. 551, ¶ 8 (2012). Nonetheless, an exception to this general rule exists in the context of a USERRA appeal. *Id.*

¶8       USERRA provides, in relevant part, that a person who has performed service in a uniformed service shall not be denied a promotion, or other benefit of employment, on the basis of that performance of service. 5 U.S.C. § 4311(a). To establish Board jurisdiction over a nonselection for promotion under USERRA, the appellant must at least allege that: (1) he performed duty in a uniformed service of the United States; (2) he was not selected for a promotion; and (3) the nonselection was due to the performance of duty in the uniformed service. *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 5 (2003), *overruled on other grounds*, *Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 8 n.1 (2005). Here, as the administrative judge recognized, the appellant alleged, and the agency did not dispute, that he was a disabled veteran and lost a benefit of employment, i.e., a lateral transfer and a detail or promotion. ID at 5. However, we disagree with the administrative judge's finding that the appellant's statements "that he is a disabled veteran and two non-veteran females were selected for the position in question" are insufficient "to establish the Board's jurisdiction over his claim that he was discriminated against because of his military service." ID at 5.

¶9       The administrative judge incorrectly interpreted the "non-selection was due to the performance of duty in the uniformed service" jurisdictional element as requiring the appellant to "make a non-frivolous allegation that his military service was a substantial or motivating factor in the agency's failure to select him for a lateral transfer, detail, or promotion." ID at 5. In order to prevail on the merits of a USERRA claim under 38 U.S.C. § 4311(a), an appellant must prove, by preponderant evidence, that his uniformed service was a substantial or motivating factor in the agency action. *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 5 (2013) (citing *McMillan v. Department of Justice*,

120 M.S.P.R. 1, ¶ 19 (2013)).  However, that showing is not required in order to establish jurisdiction.  *See Hillman*, 95 M.S.P.R. 162, ¶ 5.

¶10    In general, a claim under USERRA should be broadly and liberally construed.  *Tindall v. Department of the Army*, 84 M.S.P.R. 230, ¶ 6 (1999).  As a result, an argument that a nonveteran was selected over the appellant, who is a veteran, is sufficient to meet the third prong of USERRA's jurisdictional requirement.  *See Durand v. Environmental Protection Agency*, 106 M.S.P.R. 533, ¶ 8 (2007); *see also Gaston v. Peace Corps*, 100 M.S.P.R. 411, ¶¶ 7-8 (2005) (alleging that a nonveteran was selected over the appellant, a veteran, was sufficient to meet the nonselection due to the performance of duty in the uniformed service prong); *Martir v. Department of the Navy*, 81 M.S.P.R. 421, ¶¶ 7-12 (1999) (finding that the appellant met the third prong of the USERRA jurisdictional requirement by alleging that he was a veteran, the agency denied him permanent appointment to a vacant position, and the agency offered the appointments to similarly-situated nonveterans).  Here, in light of the liberal construction standard and the appellant's pro se status, his contentions that less qualified nonveterans were selected over him, IAF, Tabs 4, 6, 10, 14; PFR File Tab 1, constitute an allegation that his nonselection was due to his prior uniformed service, *see Durand*, 106 M.S.P.R. 533, ¶ 8; *see also Gaston*, 100 M.S.P.R. 411, ¶ 8; *Martir*, 81 M.S.P.R. 421, ¶ 9.  Thus, the appellant has established that his appeal is covered under 38 U.S.C. § 4311(a) and therefore, is within the Board's jurisdiction under 38 U.S.C. § 4324(b).  Accordingly, we VACATE the initial decision to the extent it found that the Board lacks jurisdiction over the appellant's USERRA claim.

¶11    Because the appellant has established Board jurisdiction over his USERRA appeal, he is entitled to the hearing that he requested to further develop the record regarding his USERRA claim.  *See Kirkendall v. Department of the Army*, 479 F.3d 830, 844-46 (Fed. Cir. 2007) (finding that an individual who brings a

USERRA appeal has an unconditional right to a hearing); *see also Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶¶ 17-18 (2008) (same).

The administrative judge correctly dismissed the appellant's VEOA claim for lack of jurisdiction.

¶12     The administrative judge found that the appellant did not satisfy VEOA's jurisdictional requirements because he failed to show that he had exhausted his administrative remedies with DOL. ID at 4. To establish Board jurisdiction over an appeal brought under VEOA, an appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after October 30, 1998, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Hillman*, 95 M.S.P.R. 162, ¶ 9. As the appellant has not offered any argument or evidence showing that he exhausted his administrative remedies with DOL, we agree with the administrative judge that the appellant failed to establish jurisdiction over his VEOA claim.

The Board lacks jurisdiction to consider the appellant's other discrimination claims.

¶13     Finally, the appellant claims that the agency discriminated against him based on his age and sex when it failed to select him for the two positions. IAF, Tabs 4, 6, 10, 14; PFR File, Tab 1. Absent an otherwise appealable action to the Board, these allegations of discrimination cannot be considered. *See Lowe v. Department of the Navy*, 27 M.S.P.R. 223, 225 n.5 (1985) (citing *Charles v. Department of the Navy*, 3 M.S.P.R. 113, 114 (1980)). Because a nonselection is not an adverse action appealable to the Board, the appellant's nonselection is not a basis for conferring Board jurisdiction over the appellant's age and sex discrimination claims. *See Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 5 (2006). Furthermore, as the Board's jurisdiction over USERRA complaints or appeals does not extend beyond the complained-of discrimination because of military status, USERRA also is not a basis for raising pendant age

and sex discrimination claims. *Metzenbaum v. Department of Justice*, 89 M.S.P.R. 285, ¶ 15 (2001). Thus, we agree with the administrative judge that the Board lacks jurisdiction over the appellant's age and sex discrimination claims.

¶14     Therefore, we VACATE the portion of the initial decision addressing the appellant's USERRA appeal, and we AFFIRM the portions of the initial decision addressing the appellant's VEOA and sex and age discrimination claims. The appellant is entitled to notice regarding the USERRA methods of proof and his burden of proving his USERRA claim. *See Matz v. Department of Veterans Affairs*, 91 M.S.P.R. 265, ¶¶ 8-9 (2002). After holding a hearing on the appellant's USERRA appeal, the administrative judge shall issue a new initial decision.

### ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order. The administrative judge should incorporate her prior analysis and disposition of the appellant's VEOA claim and sex and age discrimination claims in the new initial decision on the USERRA claim so that the appellant will have a single decision with appropriate notice of appeals rights addressing all of his claims. *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 12 (2005).

FOR THE BOARD:                    _____
                                William D. Spencer
                                Clerk of the Board

Washington, D.C.